### Village of Raymond, Appellee, v. John Hamm, Appellant.

VERDICTS—*when not disturbed as excessive.* A verdict will not be set aside as excessive if not clearly and manifestly against the weight of the evidence.

Assumpsit. Appeal from the Circuit Court of Montgomery county; the Hon. A. M. ROSE, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

T. A. GASAWAY, for appellant.

HILL & BULLINGTON, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by the defendant from a judgment rendered against him in favor of the village of Raymond, for the sum of $300. The action is predicated upon a written contract between the parties, under and by which the defendant agreed to construct certain concrete sidewalks in said village, and to keep the same in good repair for at least five years after

the same had been accepted by said village. The declaration charges that after such walks were constructed and accepted, the same became defective and broken, and that the defendant had failed to keep the said sidewalks in good order and repair as provided by his said contract.

The only ground urged for reversal is that the verdict of the jury is excessive. It is urged by appellant that the damages should only have been such sum as the evidence showed would be just compensation for placing the walks in good order and repair, and that such evidence shows that this could be done for a much less sum than the amount awarded as damages. The contention of appellee is that the condition of the walks was such that it would be necessary to remove the present walks, re-level the foundation and lay thereon a new coating of concrete. After a careful examination of the evidence, which is somewhat conflicting, we are of opinion that the jury was warranted in finding that the walks were so badly cracked and so heaved up as to be incapable of being repaired to advantage, and that the cost of removing the old walks and replacing the same would be at least the amount of the verdict rendered.

The judgment of the Circuit Court is therefore affirmed.

*Affirmed.*